THE PEOPLE, PLAINTIFF AND RESPONDENT, v. OLIVENCIA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a prosecution for aggravated assault and battery.

MOTION of *fiscal* to strike certain documents from the record.

No. 637.—Decided January 26, 1914.

APPEAL—DISMISSAL OF APPEAL—NOTICE OF APPEAL—JURISDICTION.—The failure to include the notice of appeal in the transcript of the record is an omission

which deprives this court of jurisdiction to entertain the appeal and obliges its dismissal even when the matter before the court is a motion by the *fiscal* to strike certain documents from the record.

ID.—NOTICE OF APPEAL.—So necessary is the copy of the notice of appeal that its omission cannot be supplied by statements of the parties or of the secretary of the lower court that the appeal was taken.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

*Mr. José de Diego* for appellant.

MR. JUSTICE ALDREY delivered the opinion of the court.

A motion has been made in this case to strike from the record certain documents which it is alleged do not properly form part thereof. The motion was argued by counsel for the parties.

In examining the record in order to decide this motion, we observe that it does not contain a copy of the notice of appeal and that there is nothing to show that an appeal has been taken to this court but the statement of the secretary of the lower court in certifying to the correctness of the transcript of the record that he issues the same for presentation to this court "in the appeal taken from a judgment of this district court."

In view of the foregoing the question arises as to whether we have jurisdiction to pass upon anything in this case but the dismissal of the appeal.

In order to decide any issue between the parties we must have jurisdiction over said parties and when jurisdiction is acquired on appeal it is indispensable that it appear affirmatively from the record that the appeal has been taken. The Act of March 7, 1908, amending section 356 of the Code of Criminal Procedure, in its subdivision 10 requires that the record shall contain the notice of appeal, and unless this requisite is complied with we have no means of knowing that there exists an appeal which we can decide. The notice of appeal being lacking, we must dismiss the appeal as we have done in other cases. *Fernández* v. *Estate of Irizarri,* 10 P. R. R., 43; *López Landrón* v. *Rubert Hermanos,* 14 P. R. R.,

5; *The People* v. *Lorenzo,* 18 P. R. R., 952; *Hernández* v. *Medina,* 19 P. R. R., 1008.

The copy of the notice of appeal is essential and its omission cannot be supplied by statements of the parties that an appeal has been taken, nor by the certificate of the secretary of the lower court to the same effect. *Hernández* v. *Medina, supra; Hernández* v. *Hernández et al.,* 19 P. R. R., 987; *López* v. *López,* 19 P. R. R., 990; *Aponte* v. *Freiría,* 19 P. R. R., 1104; *Marxuach* v. *Aguilar et al.,* 19 P. R. R., 1142.

The appeal should be dismissed.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.